Judge Mills
delivered the Opinion of the Court.
Septemus Clark and James Shackle - ford purchased of Nathaniel Massie five hundred acres of land, lying in the county of Mason, and received from Alassie a bond, bearing date the 37th of September, 1810, for a title. The title not being made, Clark and Shackleford exhibited their hill in equity in the Mason circuit court.
in their bill they allege that the land Was purchased by Massic of Willoughby Tibbs, and they profess not to know whether a conveyance was ever made to Alassic, or whether the title still resides in the heirs of Tibbs, lie having departed this life. Massie has also died, and his heirs, together witli the heirs of Tibbs, are made defendants. By an amendment to the bill, it appears that Tibbs never conveyed the title to Massie, and the bond which was given by Tibbs to Massie for a title, as avcII as that which Avas given by Alassie to Clark and Shackle-ford, are referred to as exhibits.
The original bill prays for a decree against whomsoever the title may be found to be in, and that a conveyance thereof be made to them &c.
The heirs of Tibbs are non-residents, and the cause came on for hearing, as to them, upon publication. The heirs of Massie are infants, and they answered by a guardian appointed ad litem. That answer is in the usual form, and puts the complainants upon the proof of every allegation in their bill.
The court decreed Clark and Shackleford to pay the residue of the purchase money due under their contract with Massie, and appointed a commissioner whose duty was directed to he to convey the title and interest of the heirs of Tibbs as avcII as that of the heirs of Massic, wheneA’er the amount decreed should be paid by Clark and Shackleford.
Vendor of land cannot “™Peelle<1 ^here it'ciocs not appear he has been Orationon'f money,
Where the ?elie°d on™6 as evidence of payment, be'avored as mother oases,
Same rule at law ar.d in equity.
There is, we think, a radical defect in the bill, as respects the claim for relief against the heirs of Tibbs. By the bond which was given by Tibbs to Massie, it appears that the consideration which was agreed to be paid by Massie for the land, was not, at the date of the bond, in fact paid, and that the title was not to he conveyed by Tibbs until payment thereof was made. It is obvious, therefore, that neither Massie nor Clark and Sliacldeford, who claim by purchase from him, can be entitled to a decree against the heirs of Tibbs, unless the price coniracted to be paid by Massie, has been paid to Tibbs or his representatives; and that in a bill seeking the specific execution of Tibbs’ contract with Massie, it is indispensable to allege payment of the price agreed to be paid by Massie, or something equivalent to payment. The bill of Clark and Shackle-ford is, however, totally destitute of any such allegation. The bond which contains the contract between Tibbs and Massie is exhibited, but there is no ■suggestion in the bill conducing to shew payment of the price, or a readiness to pay by Massie or those claiming under him.
In argument this objection to the bill was attempt■.ed to be obviated by tbe lapse of time since the contract between Tibbs and Massie. That contract is dated in 1795, and it was contended that from the time since elapsed, payment should be presumed, and hence it was insisted that without an allegation of payment having been made by Massie, the bill contains a sufficiency to authorise a decree against the heirs of Tibbs. It should, however, be recollected that although payment may, from length, of time, he presumed, such a presumption is not to he indulged without allegation to which the presumption may apply.
Though after the lapse of twenty years a bond ■will be presumed to be paid, if when put in suit payment be pleaded, yet if payment he not pleaded, the court will not be at liberty to indulge the presumption and render judgment against the plaintiff. So, in equity the same presumption will be indulged when by the pleadings the fact is alleged to be *528 so; but neither at law or in equity is the court at liberty to indulge such a presumption without the appropriate allegation in the pleadings.
Crittenden, for plaintiffs; Brown and Reid, for defendants.
The bill is, therefore, too defective to authorize a decree for the title. The decree must be reversed with cost, the cause remanded to the court below, and the bill dismissed without prejudice to the right of the complainants to prosecute any other suit. The complainants must also pay the cost in tliat court.